FILED
2011 Feb-03 AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAFAYETTE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV- _____ |
| ) | |
| CHARTIS SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### I. JURISDICTION.

1. Plaintiff Lafayette Insurance Company (hereinafter "Lafayette") is an insurance company incorporated in the State of Louisiana with its principle place of business in the State of Louisiana. Therefore, Lafayette is a citizen of the State of Louisiana.

2. Defendant Chartis Specialty Insurance Company, f/k/a AIG (hereafter referred to as AIG or Chartis) is incorporated in the State of Delaware with its headquarters in New York. Therefore, Chartis Specialty Insurance Company, is a citizen of the States of Delaware and New York.

3. This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states. Jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000),

exclusive of interest and costs in compliance with 28 U.S.C. § 1332. This action is further based upon 28 U.S.C. § 2201 which provides that this Court, upon the filing of an appropriate pleading, may declare the rights and legal relations of any interested party seeking such a declaration.

4. This declaratory judgment action arises out of a controversy that exists between the plaintiff, Lafayette Insurance Company, and the defendant, Chartis Specialty Insurance Company.

5. Both the plaintiff and the defendant issued policies of insurance to Wright Enrichment, Inc., for two policy periods from March 31, 2007, to March 31, 2008, and March 31, 2008, to March 31, 2009. The plaintiff, Lafayette, issued primary policies with policy limits aggregates of two million dollars for each policy period. Upon information and belief, the defendant, AIG, issued excess policies for the same policy periods with limits of liability of ten million dollars for each policy period.

6. Over 100 lawsuits with in excess of 200 plaintiffs have been filed against the mutual insured of the defendant and plaintiff, claiming bodily injury for matters that would fall within the terms and conditions of the policies of both the plaintiff and defendant. Some of these cases were incorporated in MDL Proceeding - 1985, Total Body Essential Nutrition Liability Litigation. The management of this MDL has been assigned to The Honorable R. David Proctor, U.S. District Judge. Negotiations leading up to an agreement for settlement in the MDL were held before The Honorable R. David Proctor through the summer of 2010..

7. During the course of the negotiations, it became clear that the

exposure to Wright Enrichment far exceeded the primary limits of the policy issued by Lafayette. Despite this knowledge the defendant, AIG, took the position that although the settlement amounts for the MDL plaintiffs were well in excess of the primary policy and clearly were well within its (AIG's) excess exposure, it would not monetarily participate in the settlement unless a relatively small portion of the Lafayette Insurance policy limits were retained ($45,000 for each of the policy years). Specifically, of the $20.1 million paid in the MDL settlement agreement, $14.2 million was being paid on behalf of Wright Enrichment, over $10 million in excess of the policy limits of Lafayette's insurance policies to Wright Enrichment.

8. The plaintiff avers that the defendant, AIG, utilized heavy-handed and obstructive tactics to refuse to participate and fund any settlement unless and until a portion of Lafayette's insurance policy was retained so as to attempt to impose upon Lafayette the duty to continue to defend claims against Wright Enrichment despite the fact its policy provides that its right and duty to defend ends when it has paid the applicable limit of insurance in the payment of judgments or settlements. The purpose of these tactics was for AIG to avoid its contractual duty to defend Wright Enrichment once the primary policy limits of Lafayette were exhausted.

9. Despite these heavy-handed tactics employed by AIG, a provision in the MDL settlement agreement provided: "Lafayette Insurance shall continue to defend Wright only as required by Lafayette's policies of insurance of Wright, with respect to the non-settling plaintiffs itemized in Exhibit D, only, with Lafayette Insurance reserving and not paying in this settlement $45,000 for each of the two

Wright-Lafayette insurance policy periods, and Lafayette Insurance having the right to settle one or more cases in Exhibit B therewith."

10. Under the terms of the policy of insurance and consistent with the language of the MDL settlement agreement, Lafayette did indeed settle two of the cases that were listed in Exhibit B to the MDL settlement agreement for $45,000 each, thereby exhausting its limits of insurance.

11. Notice was given to the insured and AIG that Lafayetter had exhausted its limits of insurance and that AIG as the excess carrier then had the obligation to defend Wright Enrichment under its policy.

12. However, despite its contractual obligation to defend Wight Enrichment, AIG again, through heavy-handed tactics, caused Wright Enrichment, Inc., to join it in filing a complaint in the United States District Court for the Northern District of Alabama, Southern Division, alleging that the Court had jurisdiction by virtue of supplementary jurisdiction under 28 U.S.C. § 1367. A copy of the complaint is attached hereto and made a part hereof as Exhibit A.

13. There is a controversy between Lafayette Insurance Company and AIG as to which company has the right and obligation to defend its mutual insured, Wright Enrichment, Inc. The plaintiff, Lafayette, contends that because its limits of insurance have been exhausted under the terms and conditions of the policy, its right and duty to defend no longer exists. The defendant, Chartis, contends otherwise. (*See* Exhibit A.)

## COUNT ONE

## DECLARATORY JUDGMENT

14. The plaintiff requests this Court to declare the rights and respective obligations of each party with respect to the duty and obligation to defend Wright Enrichment under the terms of the policies of insurance.

## COUNT TWO

## BAD FAITH

15. The plaintiff avers that the defendant, AIG, has engaged in bad faith and heavy-handed tactics by refusing to participate in the settlement unless and until a device was created to attempt to rewrite the policies of insurance so that it could avoid as long as possible the obligation it had under its contract of insurance with Wright Enrichment to defend once the limits of insurance of the primary carrier (Lafayette) had been exhausted. The plaintiff avers that this course of dealing is bad faith for which the defendant is liable.

## COUNT THREE

## ABUSE OF PROCESS

16. As further evidence of the heavy-handed tactics of t he defendant, it caused a frivolous and abusive lawsuit to be filed against the plaintiff, requiring the plaintiff to secure counsel and defend itself against frivolous claims, all for the singular purpose of avoiding its contractual and legal obligations of good faith and fair dealing.

**PRAYER FOR RELIEF:**

17. Plaintiff requests that this Court take jurisdiction over this matter and to further enter a declaration as to the respective rights and obligations of the parties relative to the underlying lawsuit.

18. Plaintiff seeks other and further relief as may be deemed appropriate and possible under the circumstances.

19. Plaintiff claims money damages in excess of $75,000 as may be determined by a jury.

/s/ Mark W. Lee
MARK W. LEE

**OF COUNSEL:**

PARSONS, LEE & JULIANO, P.C.
Post Office Box 530630
Birmingham, AL  35253-0630
(205) 326-6600

Plaintiff demand a trial by struck jury.

/s/ Mark W. Lee
MARK W. LEE

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

CHARTIS SPECIALITY INSURANCE COMPANY
175 Water Street
18th Floor
New York, NY 10038