FILED
2011 Apr-26 PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAFAYETTE INSURANCE COMPANY,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) 2:11-cv-379-JHH |
| | ) |
| **CHARTIS SPECIALTY INSURANCE COMPANY,** | ) |
| | ) |
| DEFENDANT. | ) |

## MEMORANDUM OPINION

The court has before it the March 22, 2011 Motion to Dismiss for failure to join an indispensable party and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(7) (Doc. # 6) filed by Defendant Chartis Specialty Insurance Company ("Chartis"). Pursuant to the court's March 23, 2011 order (Doc. #7), Plaintiff Lafayette Insurance Company ("Lafayette") filed a Response in Opposition, with evidence,[1] (Doc. #8) on April 13, 2011, and Chartis filed a Reply (Doc. #15) on April 20, 2011. The Motion (Doc. #6) is now under submission and

---

[1] Layfayette submitted the following evidence in opposition to the Motion to Dismiss: MDL Final Judgment and Order; Complaint in 2:10-cv-3377-TMP; and copies of order and memorandum opinion in 2:10-cv-3377-TMP.

due to be granted for the following reasons.

## I. Background and Procedural History

This dispute arises out of an MDL settlement agreement entered into on August 2, 2010 between over two hundred named plaintiffs and out of the primary and umbrella policies of insurance policies issued to Wright Enrichment, Inc. ("Wright") by Lafayette and Chartis. (See Doc. #1 ¶¶ 5-6.)  Under these policies of insurance, Lafayette agreed to defend and indemnify Wright in certain bodily injury cases until its policy limits were exhausted by the payment of judgments or settlements.

After funding the qualified settlement fund in the MDL cases, Lafayette believed that its policies were exhausted, except for a $90,000 hold back on the policies.  Then, on November 18, 2010 Lafayette notified Wright, its counsel and Chartis that it was withdrawing its defense of all cases for Wright, inclusive of the MDL and cases currently pending in Georgia and Wisconsin, because it had entered into two settlement agreements totaling $90,000.  (See Doc. #6 at 2.)

Because Wright and Chartis believed "that Lafayette's sole purpose in making the two settlements was to exhaust its policies and thereby obviate its continuing duty to defend Wright in the  MDL, in Georgia and in Wisconsin actions," Chartis and Wright filed a complaint in this court on December 6, 2010 seeking injunctive relief

and damages for breach of contract based on Lafayette's actions.[2] (See Ex. A to Doc. #1, 2:10-cv-3377-TMP.) On December 23, 2010, Lafayette filed a motion to dismiss the complaint for lack of subject matter jurisdiction, specifically asserting lack of diversity jurisdiction. (See Doc. #6 at 3; Doc. #11 at 4.) On February 2, 2011, the court found the diversity jurisdiction did not exist and granted Lafayette's motion to dismiss. (Ex. 3 to Doc. #11.)

The same day Judge Putnam dismissed the complaint filed by Chartis and Wright, Lafayette filed the instant three-count complaint and it was randomly assigned to the undersigned. (Doc. #1.) The first count seeks a declaration from the court of "the rights and respective obligations of each party with respect to the duty and obligation to defend Wright Enrichment under the terms of the policies of insurance." (Id. ¶ 14.) The second count alleges that Chartis "has engaged in bad faith and heavy-handed tactics by refusing to participate in the settlement unless and until a device was created to attempt to rewrite the policies of insurance so that it could avoid as long as possible the obligation it had under its contract of insurance with Wright Enrichment to defend once the limits of the insurance of the primary carrier (Layfaytte) has been exhausted." (Id. ¶ 15.) Finally, the third count alleges that Chartis "caused a frivolous and abusive lawsuit to be filed against the plaintiff

---

[2] That case was assigned to United States Magistrate Judge T. Michael Putnam.

. . . all for the singular purpose of avoiding its contractual and legal obligations of good faith and fair dealing." (Id. ¶ 16.) In addition to the declaration, Lafayette seeks money damages in excess of $75,000. (Id. ¶¶ 17, 19.) On March 22, 2011, Chartis filed the pending Motion to Dismiss for Failure to Join and Indispensable Party and Lack of Subject Matter Jurisdiction. (Doc. #6.) Chartis argues that dismissal is appropriate because Wright is a necessary and indispensable party to the instant action under Federal Rule of Civil Procedure 19, and joinder of Wright as a defendant destroys complete diversity of citizenship, the only basis for subject matter jurisdiction.

## II. Discussion

Lafayette is a Louisiana corporation that has its principal place of business in Louisiana. (Doc. #1 ¶ 1.) Chartis is a Delaware corporation with its principal place of business in New York. Chartis contends, however, that Wright is an indispensable party and that Lafayette intentionally failed to name Wright as a party-defendant because, as a Louisiana corporation, the addition would destroy diversity. The question before the court, therefore, is whether Wright is an indispensable part under Federal Rule of Civil Procedure 19.

In evaluating a claim that a federal action must be dismissed because of an absent indispensable party, the Eleventh Circuit has devised the following test:

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.

Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1280 (11th Cir.2003) (citations omitted). Stated differently, the first prong of the test is to determine whether the missing party is "necessary" under the factors in Rule 19(a). If so and if that party cannot be joined, the analysis moves to the second part -- whether that party is also "indispensable" under the factors in Rule 19(b). See National Union Fire Ins. Co. v. Rite Aid of South Carolina, Inc., 210 F.3d 246, 249 (4th Cir. 2000). Importantly, only if the missing party who cannot be joined is *both* "necessary" and "indispensable" under the Rule 19 analysis is dismissal proper. In light of the above, the court first analyzes Chartis's Rule 19 argument for dismissal by determining whether Wight is a party that "should be joined" and, second, if so, determining whether the litigation may continue in its absence.

### A.  Rule 19(a) Analysis

In assessing whether a particular party "should be joined," Rule 19(a) counsels that a party is "necessary" only in three circumstances.  First, if "in that person's absence, the court cannot accord complete relief among existing parties."

5

Fed.R.Civ.P. 19(a)(1)(A). Second, if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest . . . ." Fed.R. Civ.P. 19(a)(1)(B)(i). Third, if disposing of the action in the person's absence "may . . . as a practical matter . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed.R.Civ.P. 19(a)(1)(B)(ii).  In making this determination "pragmatic concerns, especially the effect on the parties and the litigation, control." Focus on the Family, 344 F.3d at 1280 (quoting Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982); see also In re Torcise, 116 F.3d 860, 865 (11th Cir.1997) ("[F]indings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation.").

The defendant bears "the initial burden of demonstrating that a missing party is necessary." Hood ex rel. Mississippi v. City of Memphis, 570 F.3d 625, 628 (5th Cir. 2009); accord American General Life & Accident Insurance Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005); Davis v. United States, 192 F.3d 951, 958 (10th Cir. 1999). Simply stating that Wright claims an interest does not carry that initial burden. At a minimum, the asserted claim must be at least "colorable." Jonesfilm v. Liongate International, 299 F.3d 134, 140 (2d Cir. 2002).

Interestingly, Chartis spends the vast majority of its argument on the factors contained in Rule 19(b), and does not specifically address any of the factors contained in Rule 19(a). However, until Rule 19(a) is satisfied, the court does not move on to Rule 19(b). Chartis does state that "[a]ny judgment by this court necessarily and directly impacts the rights of the insured, Wright, and, as such, it is an indispensable party that is required to be joined." (Doc. #11 at 3.) As such, the court interprets this statement as invoking the second option under Rule 19(a).

The question for the court, therefore is whether Wright "is so situated that disposing of the action in . . . [Wright's] absence may . . . as a practical matter impair or impede . . . [Wright's] ability to protect the interest . . . ." Fed.R. Civ.P. 19(a)(1)(B)(i). Although Lafayette argues otherwise (doc. #11 at 7-10), the answer is clearly in the affirmative. Surely Wright has an interest in having continuing coverage and defense by Lafayette and/or Chartis in the remaining cases covered under the policies. And it is common sense that Wright would rather have two insurance carriers, as opposed to relying on only the excess carrier. Moreover, as pointed out by Chartis in its reply brief, Wright currently has claims against Lafayette relating to coverage, and both insurance carriers have denied coverage in certain lawsuits in Wisconsin. Accordingly, under Federal Rule of Civil Procedure 19(a), the court concludes that Wright is a necessary party and should be joined in this action,

7

if feasible. However, Wright cannot be joined as a defendant because it would defeat the court's diversity jurisdiction. Therefore, the court must continue the analysis under Rule 19(b).

### B. Rule 19(b) Analysis

Although the court deems Wright a necessary party pursuant to Rule 19(a), the inquiry continues under Rule 19(b) because its non-diverse status divests the court of subject matter jurisdiction. See California v. Arizona, 440 U.S. 59, 62 n.3 (1979) ("[W]hen a person described by Rule 19(a) cannot be joined, 'the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.'") (quoting Fed.R.Civ.P. 19(b)); Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 358 (2d Cir. 2000) (recognizing that dismissal for failure to join an indispensable party is appropriate only where the entity in question "'cannot be made a party'") (quoting Fed.R.Civ.P. 19(b)). The court, therefore, must now decide whether Wright is also an indispensable party pursuant to the factors enumerated in Rule 19(b). Those factors include the following: (a) whether a judgment rendered in Wright's absence might be prejudicial to existing parties; (b) whether such prejudice could be lessened or avoided by protective provisions in the judgment, the shaping of relief, or other measures; (c) whether judgment rendered in Wright's absence will

be adequate; and (d) whether Lafayette will have an adequate remedy if the federal action is dismissed for nonjoinder. Fed.R.Civ.P 19(b); see also Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843, 848 (11th Cir. 1999) (setting forth Rule 19(b) balancing test). Despite the precise guidance of Rule 19(b), the court must bear in mind that "[a] Rule 19(b) analysis is not mechanical; rather it is conducted in light of the equities of the case at bar." National Union, 210 F.3d at 252 (citation omitted).

All four factors under Rule 19(b) favor the joinder of Wright as a party.[3] The first factor asks to what extent a judgment rendered in the non-party's absence would prejudice that party or those who are already parties to the action. Here, Wright is the one who negotiated and entered into the insurance policies, and it would not be able to protect its interests under those policies if not joined. It is not a foregone conclusion that Chartis would necessarily represent and forward the same arguments as would Wright regarding Lafayette's duty to defend it in the pending actions. Similarly, the second factor, which asks whether a court could tailor relief to lessen or avoid the prejudice to the absent party, favors joinder. There is no relief in the instant action that could lessen or avoid the potential prejudice to Wright that Wright would suffer if the instant complaint proceeds without him as a party.

---

[3] Lafayette does not address any of the factors contained in Rule 19(b) in its brief in opposition to the motion. (See Doc. #11.)

Under the third factor, the court must consider whether a judgment without the absent party will be adequate. This factor implicates "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." Provident Tradesmen Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968). This factor easily leans in favor of the addition of Wright as a party. If it is not added, Wright could bring an action against Lafayette and/or Chartis which could result in inconsistent verdicts and piecemeal litigation.[4] Finally, under the fourth factor, there is no reason why the respective rights of Lafayette, Chartis and Wright cannot be determined in a state court action. Therefore, under the four factors enumerated in Rule 19(b), the court concludes that Wright is an indispensable party.

In summary, the court concludes that Wright is a necessary party under Rule 19(a) and a indispensable party under Rule 19(b). As such, the court must join Wright as a party. This joinder, however, destroys diversity of citizenship, and strips the court of its jurisdiction over the case.

**C. Potential Realignment of the Parties**

In the alternative, Lafayette argues that if the court concludes that Wright is an indispensable party, Wright should be joined and aligned as a party Plaintiff. (Doc.

---

[4] In fact, the court is aware that Wright and Chartis have brought a complaint in the state court in Louisiana alleging breach of contract, among other things.

#11 at 12-13.)  Lafayette contends that Wright's "interest in determining whether there is sufficient coverage to have available both defense and indemnity obligations under policies of insurance is identical to Lafayette." (Id. at 12.)  The court disagrees with Lafayette.

"In determining whether diversity of citizenship jurisdiction exists, the federal court is not bound by the way the plaintiff formally aligns the parties in his or her original pleading. It is the district judge's duty to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute ... .'"  C. Wright & A. Miller, Federal Practice & Procedure § 3607 (3d ed. 2010) (quoting Zurn Indust., Inc. v. Acton Const. Co., Inc., 847 F.2d 234, 236 (5th Cir.1988).  "The necessary collision of interest has to be determined from the principal purpose of the suit, and the primary and controlling matter in dispute." Zurn, 847 F.2d at 236 (quoting Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941)).  "Realignment is appropriate only if the interests of the realignment parties are manifestly the same." Andalusia Enterprises, Inc. v. Evanston Ins. Co., 487 F.Supp.2d 1290, 1296-97 (N.D. Ala. 2007).

"Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants." Indianapolis, 314 U.S. at 69.  Thus, it is the court's responsibility to align the parties

according to their interests in litigation and, "if interests of a party named as defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes." Dolch v. United California Bank, 702 F.2d 178, 181 (9th Cir. 1983).

The primary focus of the action before the court is the request by Lafayette of a declaration of "the rights and respective obligations of each party with respect to the duty and obligation to defend Wright Enrichment under the terms of the policies of insurance." (Doc. #1 ¶ 14.)   Lafayette will necessarily argue that it's duty to defend Wright has been exhausted through the settlement of the two cases for a total of $90,000.  Chartis, on the other hand, contends that Lafayette erroneously decided that its policies were exhausted and breached its contract when it settled the two cases in an effort to exhaust its policy coverage.

With regard to coverage, Wright and Chartis have more similar interests.  It is in the interest of both Wright and Chartis that there be a declaration of coverage and duty to defend by Lafayette.  On the other hand, Lafayette's pecuniary interest favors a decision of exhaustion of its duty to defend which conflicts with the interests of Chartis and Wright.  Surely, Wright would rather have two insurance carriers, as opposed to just one.  Thus, the parties are not due to be realigned.

### III. Conclusion

For the reasons outlined above, the court finds that Wright is an indispensable party under Rule 19 and must be joined in this action as a defendant. Because that joinder destroys the diversity jurisdiction of the court, the Motion to Dismiss (#6) is due to be granted.[5] A separate order of dismissal will be entered.

**DONE** this the 26th day of April, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] This decision renders **MOOT** the April 25, 2011 Motion (Doc. #17) for Leave to Depose Declarants or, in the Alternative, Motion to Strike Declarations filed by Plaintiff Lafayette Insurance Company. The court notes that it did not rely on the information contained in the declarations in making its decision.